IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

FILED
SEP - 1 2010
Nora Paul
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 7:10-cr-19-HL |
| JASON A. NASH | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and JASON A. NASH, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the charges against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the government's evidence.

(2)

The Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. The Defendant understands that at a jury trial, Defendant would enjoy a presumption

\_\_\_\_\_ Defendant's initials

\_\_\_\_\_ Defense counsel's initials

\_\_\_\_\_ AUSA's initials

of innocence, and that the government would have the burden of proving Defendant's guilt beyond a reasonable doubt. The Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. The Defendant understands that Defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in Defendant's own behalf. The Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's lawyer. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right

_____ **Defendant's initials**
_____ **Defense counsel's initials**          2
_____ **AUSA's initials**

to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11, Federal Rules of Criminal Procedure, as follows:

(A)   **The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Information which charges Defendant with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2).**

(B)   **That Defendant fully understands that Defendant's plea of guilty to Count One as set forth in Subparagraph (A), above, will subject Defendant to a maximum possible sentence of Ten (10) years imprisonment, a maximum fine of Two Hundred Fifty Thousand Dollars ($250,000.00), and a term of supervised release of up to life.**   Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 (per count).

**The defendant also understands that following his conviction and sentencing in this matter he will be required to register as a sex offender, and**

_____ Defendant's initials          _____ AUSA's initials

_____ Defense counsel's initials          3

that failure to do so and to keep his registration updated could subject him to further prosecution pursuant to 18 U.S.C. § 2250 ("Failure to Register").

The defendant further understands that the minors depicted in the images have a right to request restitution from the defendant at sentencing. The government will notify any known victims that their images were found on the defendant's computer. Thereafter, the victims may submit a request for restitution under 18 U.S.C. § 3663 & § 2259. The Court will determine the amount of restitution at sentencing.

(C)  The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's counsel, the government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the government, Defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D)  The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to consider or determine an advisory guideline

\_\_\_\_\_ Defendant's initials          \_\_\_\_\_ AUSA's initials
\_\_\_\_\_ Defense counsel's initials        4

sentencing range until after a pre-sentence investigative report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)  Defendant understands and has discussed with Defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)  Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)  **Waiver of Appeal**: The Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a Defendant's sentence. But once this agreement is accepted and sentence is imposed by the District

_____ **Defendant's initials**

_____ **Defense counsel's initials**

_____ **AUSA's initials**

5

Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

The Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the Defendant's sentence pursuant to this statute, the Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

**(A)    That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty**

_____ **Defendant's initials**

_____ **Defense counsel's initials**        6

_____ **AUSA's initials**

**plea, which might have been brought solely in this district against the Defendant.**

(B)  If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range. But the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying Defendant's involvement, giving conflicting statements as to Defendant's involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states

_____ **Defendant's initials**           _____ **AUSA's initials**
_____ **Defense counsel's initials**      7

that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

**Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree to the following:**

On January 17, 2009, using forensic software, GBI Special Agent Blackwell determined that an I.P. address ultimately traced to the defendant's residence in Valdosta had available for sharing with other users nine digital video files containing images of child pornography ("CP") on the Peer to Peer Network ("P2P") known as "MP3 Rocket." Four of these files were identified from comparison with the GBI database of known minor victims. The other five files were of CP victims whose

_____ Defendant's initials                              _____ AUSA's initials
_____ Defense counsel's initials        8

images were not contained in the GBI database.

Agent Blackwell did not download the nine CP files, but rather determined their content by comparing the Hash values of the suspect files with the Hash values of the GBI database of known CP images.

Thereafter, GBI agents determined that the I.P. address associated with the suspect files was traceable to a single family residence on a certain street in Valdosta, Georgia, where three persons with the last name of Nash lived. Agents did not know which individual was responsible for making the CP available to others via MP3 Rocket.

On March 10, 2009, GBI executed a superior court search warrant at the residence of defendant Jason A. Nash. The parties stipulate that the search was constitutional and based on probable cause.

GBI Agent Callahan assisted in the search of the Nash residence on March 10, 2009. Agent Callahan spoke to defendant Nash the morning of the search and upon learning the reason the agents were at the house, defendant Nash immediately stated, "Ya'll are here because of me." The defendant's parents were also interviewed and stated that they were not involved in the collection or possession of child pornography. The forensic evidence gathered from the Nash household by the

_____ Defendant's initials             _____ AUSA's initials
_____ Defense counsel's initials       9

government supports the parents' claim.

Nash was interviewed at length by the GBI in a recorded interview the day of the search of the residence. Nash stated that he alone was "responsible" for the porn on the computer – not his parents or anyone else. However, he claimed he only wanted adult pornography, but not the CP.

Nash admitted he created the "What" folders and the "Good" and "Bad" sub folders which contained many CP still images and videos. Nash maintained that he had not *viewed* any of the images, and did not *know* with certainty that the files were CP. Nash stated to the agents that he placed the files containing graphic descriptions suggesting they contain CP in other folders on his computer so that he could delete them later. Some of the files have extremely graphic names which unmistakably and correctly identify the files as depicting sexual acts with minors. The following brief summary of forensic evidence of knowing possession of CP was found on the defendant's computer.

1) The default download folder for MP3 Rocket contained CP. The MP3 Rocket software required a user to type in terms to search for, to share and to download files.

2) A user of the computer moved some of the CP from the default download

folder into subfolders. This did not happen automatically, but required a user to set up and name the folders. As set forth above, the defendant admitted in his interview that he created folders called "what/good" and "what/bad." Twenty Six digital video clips identified as CP by their Hash values were found on the defendant's computer and attached external hard drive. S.A. Callahan has viewed ten of these videos and confirmed that they all contain minors engaged in sexual acts or the lascivious display of genitalia.

3) Another folder on the defendant's computer, entitled "jason/newfolder/photos" contained 2,198 still images some which were CP. Three of these images are confirmed as CP by Hash values. The earliest date associated with these photos is November 13, 2001. On April 27, 2005, the forensics suggest that these images were copied, saved and re-named in a new folder. Two of the images found in this folder are: 1) 1061.jpg, a still photo of a young girl performing oral sex on an adult male while a minor boy looks on; and, 2) 1071.jpg, a photo of one minor female and three adults all engaging in sexual conduct.

4) The Windows Media player of the defendant's computer was used to view a video called "pedo/vicky compilation (PTHC) 10 yo kiddie reality child gets what she wants all kinds of f*** fun with no delusions." This is a CP video of a known

_____ Defendant's initials          _____ AUSA's initials
_____ Defense counsel's initials      11

and identified minor. "PTHC" is an abbreviation for "pre-teen hard core." This video depicts a prepubescent minor female engaging in multiple sexual acts with an adult male. In one scene the minor female is bound while forced to perform oral sex on the adult male.

5) The user name "Eye-Guy" was used to access numerous CP images on the defendant's computer. "Eye-Guy" accessed CP images in temporary internet space and also played CP videos on the Windows Media Player, and the forensic evidence of this remains in the Windows Media Player cache. The fact that Eye-Guy accessed images in temporary internet space means that the user of the computer clicked on certain images or web pages from the internet, but did not save them to a permanent file.

6) Fragments of still images and video files of CP remained in the unallocated file space on the computer.

Defendant now acknowledges that he knowingly possessed images of child pornography on his computer.

The internet (including MP3 Rocket) is necessarily an instrumentality of interstate commerce. Furthermore, the known series images are of minors who were photographed in states other than Georgia. Thus, those images must have

_____ **Defendant's initials**              _____ **AUSA's initials**
_____ **Defense counsel's initials**        12

traveled in interstate commerce. Finally, the CP images were possessed on a computer, an HP Pavilion manufactured in Mexico, and an external hard drive disc manufactured in Taiwan and which therefore were previously transported in interstate and foreign commerce.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 5th day of August, 2010.

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

BY: _____
JIM CRANE
ASSISTANT U. S. ATTORNEY

I, JASON A. NASH, have read this agreement and had this agreement read to me by my attorneys, GREG VOYLES & JENNY MORRISEY. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____ Defendant's initials                    _____ AUSA's initials

_____ Defense counsel's initials          13

*/s/ Jason A. Nash*
JASON A. NASH
DEFENDANT

We, GREGORY A. VOYLES & JENNIREE MORRISEY, attorneys for Defendant JASON A. NASH, have explained the Information and the government's evidence received through discovery and our investigation of the charge against the Defendant. We believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. We have read this agreement, have been given a copy of it for our file, and have explained it to Defendant. To the best of our knowledge and belief, Defendant understands this agreement.

*/s/ Gregory A. Voyles w/ permission by JM*
GREGORY A. VOYLES &
JENNIREE MORRISEY
ATTORNEYS FOR DEFENDANT

____ Defendant's initials         ____ AUSA's initials
____ Defense counsel's initials       14